**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **POLICE OFFICER MCGORRY, et al.,** | : | **NO. 14-6095** |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**Stengel, J.**                                                          **August        , 2016**

  *Pro se* plaintiff, Charles Talbert, brings this action under 42 U.S.C. § 1983 against

Police Officer McGorry, the City of Philadelphia and Michael Nutter, alleging a violation

of his Fourth Amendment rights.  Mr. Talbert's Fourth Amendment claims arise from his

arrest on September 15, 2013, after Police Officer McGorry searched him and found

marijuana in his pocket.  Presently before the Court is Mr. Talbert's motion for summary

judgment.  For the reasons discussed below, I am denying Mr. Talbert's motion for

summary judgment.

## I. BACKGROUND[1]

  On September 15, 2013, Mr. Talbert was at his father's house on Knox Street in

Philadelphia, Pennsylvania.  Pl.'s Am. Compl. ¶ 6.  When Mr. Talbert left his father's

---

[1] Mr. Talbert filed his first amended complaint on June 18, 2015 and the defendants filed an answer on July 7, 2015. Mr. Talbert filed a second *pro se* amended complaint on October 21, 2015 after his attorney withdrew from representation.  The defendants did not respond to Mr. Talbert's amended complaint.  In the interest of judicial efficiency, I will accept the defendants' answer to Mr. Talbert's first amended complaint as responsive to Mr. Talbert's second amended complaint as well.

house, a neighbor approached Mr. Talbert and told him that two men were looking for him because they intended to kill him.  Id. at ¶ 7.  Mr. Talbert began to walk down the street, but at some point, he turned to find that two unknown men were following behind him.  Id. at ¶ 8.  Mr. Talbert started to run so that he could find a safe place to hide from the men.  Id. at ¶ 9.  While running, Mr. Talbert called Detective Grace, a detective assigned to the Northwest Detective Unit, to request his help.  Id. at ¶ 10.  Mr. Talbert had worked with Detective Grace during a previous criminal proceeding in which Mr. Talbert was the victim of a shooting and testified against the defendant.  Id.  Detective Grace was not available when Mr. Talbert called the Northwest Detective Unit, but another officer who was familiar with Mr. Talbert through the same criminal proceeding answered the phone.  Id. at ¶ 12.  Mr. Talbert told the officer that he was being chased by two men trying to kill him and asked for immediate help.  Id. at ¶ 13.  The officer contacted the 14th Police District and dispatched officers to help Mr. Talbert.  Id. at ¶ 14.  While waiting for the police officers to arrive, Mr. Talbert hid in a store.  Id. at ¶ 15.  After about five minutes, two police cars arrived with three police officers including Defendant McGorry.  Id. at ¶¶ 16-17.  Mr. Talbert told the officers that he was the person who called the police to request their protection.  Id. at ¶ 17.  Mr. Talbert also explained to the officers that he had been a witness in the prior criminal proceeding and believed that these two men intended to kill him because of his participation in that proceeding.  Id. at ¶ 18.  Mr. Talbert gave the officers a description of the two men and two of the police officers walked away.  Id. at ¶ 20.

Police Officer McGorry remained with Mr. Talbert, but did not take any notes and did not put out a flash of the suspects over the police radio.  Id. at ¶ 21.  Police Officer McGorry then grabbed Mr. Talbert and proceed to search him by patting his body down with an open hand.  Id. at ¶¶ 22-23.  Police Officer McGorry squeezed the contents of Mr. Talbert's pockets and asked him what was in his pockets to which Mr. Talbert responded "my lunch."  Id. at ¶¶ 24-25.  Police Officer McGorry reached inside Mr. Talbert's pocket and pulled out a container of marijuana.  Id. at ¶ 27.  Police Officer McGorry then handcuffed Mr. Talbert and placed him under arrest for possession of a controlled substance.  Id. at ¶ 28.

On September 16, 2013, Mr. Talbert was formally charged with possession with intent to distribute and possession of a controlled substance, and a detainer was placed on Mr. Talbert.  Id. at ¶¶ 29-30.  On December 13, 2013, Philadelphia Municipal Court Judge Karen Simmons granted Mr. Talbert's motion to suppress the physical evidence recovered from Mr. Talbert's pockets.  Id. at ¶ 31.  The Commonwealth was given thirty days to appeal the decision.  Id. at 32.  The Commonwealth did not appeal the Judge Simmons' ruling on the motion to suppress and on February 4, 2014, the charges against Mr. Talbert were formally withdrawn.  Id. at ¶ 33.  Mr. Talbert was released from jail after five months on February 6, 2014.  Id. at ¶¶ 34-35.

## II.    LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  A factual dispute is "material" only if it might affect the outcome of the case.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party.  <u>Id.</u>

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  A party asserting that a fact is genuinely disputed must support the assertion by citing relevant portions of the record, including depositions, documents, affidavits, or declarations, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c).  Summary judgment is therefore appropriate when the non-moving party fails to rebut the moving party's argument that there is no genuine issue of fact by pointing to evidence that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex</u>, 477 U.S. at 322.  Under Rule 56 of the Federal Rules of Civil Procedure, the court must draw "all justifiable inferences" in favor of the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.  The court must decide "not whether. . . .the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."  <u>Id.</u> at 252.

III.    **DISCUSSION**

Mr. Talbert alleges three distinct violations of his Fourth Amendment rights under 42 U.S.C. § 1983.  First, Mr. Talbert alleges that Police Officer McGorry unlawfully arrested and imprisoned him for possession of marijuana.  Second, Mr. Talbert alleges a malicious prosecution claim for the criminal proceeding initiated against him following Police Officer McGorry's unlawful arrest.  Third, Mr. Talbert alleges that the City of Philadelphia is liable for Police Office McGorry's unlawful actions under a Monell theory of liability. The defendants respond that Mr. Talbert is not entitled to summary judgment on his Fourth Amendment claims as he has failed to present any evidentiary basis other than the conclusory allegations set forth in his pleadings to demonstrate an absence of a genuine issue of material fact.

Under 42 U.S.C. § 1983, a private party may recover in an action against any person acting under the color of state law who deprives the party of his or her constitutional rights.  The relevant text of § 1983 provides, in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or any other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ."

Section 1983 does not by itself confer substantive rights, but rather, provides a remedy for redress when a constitutionally protected right has been violated.  Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)(citing Baker v. McCollan, 443 U.S. 137, 140, 144 n.3 (1979)).  Thus, in order to bring a successful claim for relief under § 1983, "a

plaintiff must demonstrate the defendant, acting under color of law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

A.    **False Arrest and False Imprisonment Claims**

Mr. Talbert moves for summary judgment on his false arrest and false imprisonment claims under the Fourth Amendment stating that Police Officer McGorry did not have probable cause to arrest him.  "To succeed on a count of false arrest under 42 U.S.C. § 1983, the proper inquiry is whether the arresting officers had probable cause to believe the person arrested committed an offense, regardless of whether that person actually committed the offense." Schminkey v. Adams, No. CIV. A.14-1945, 2016 WL 4179484, *2 (M.D. Pa. Aug. 8, 2016); David White, Appellant v. Corporal Michaelann Andrusiak, No. CIV. A.15-3260, 2016 WL 3774058, *3 (3d Cir. July 15, 2016)("To make out either a false arrest or false imprisonment claim, [the plaintiff] needed to demonstrate that his arrest was unsupported by probable cause.").  "Where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."  Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)("A false imprisonment claim under § 1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures.").  "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been

or is being committed by the person to be arrested."  Orsatti v. New Jersey State Police,

71 F.3d 480, 483 (3d Cir. 1995).

In moving for summary judgment, Mr. Talbert disputes the existence of probable

cause for his arrest stating that "without reasonable suspicion to believe plaintiff was

armed and dangerous, or probable cause to believe the plaintiff had, or was about to

commit a crime, McGorry. . . grabb[ed] plaintiff and enter[ed] plaintiffs [sic] pocket with

an open hand, without plaintiffs consent."  Pl.'s Mot. Summ. J. 3.  Mr. Talbert elaborates

on the lack of probable cause stating that "[f]acts prove, substantially, that McGorry,

even if he had a reason to pat plaintiff down before allowing plaintiff into his police car

for a weapon, McGorry, substantially, went well beyond his boundaries by reaching into

the plaintiffs [sic] pockets."  Id. at 6.  Mr. Talbert also cites Philadelphia County

Municipal Court Judge Karen Simmons' ruling granting Mr. Talbert's motion to suppress

on December 13, 2013 as evidence that probable cause did not exist for his arrest.  See

MC-51-CR-0036168-2013.  According to Mr. Talbert, Judge Simmons pronounced at the

suppression hearing that suppression of the marijuana found on Mr. Talbert was

warranted because Police Officer McGorry had "neither reasonable suspicion or probable

cause to seize and subsequently search plaintiff."  Pl.'s Mot. Summ. J. 3.  Mr. Talbert

does not provide the transcripts from that suppression hearing nor does Mr. Talbert

submit any additional documentation clarifying the events leading up to his arrest.[2]  Thus,

---

[2] The lack of supporting documentation from both the plaintiff and the defendants has been a noted deficiency throughout the course of this litigation.  The record is entirely devoid of any documentation beyond that offered by the pleadings.  Without further substantiation, Judge Simmons' ruling granting the motion to suppress has no bearing on the determination of probable cause.  See Konopka v. Borough of Wyoming, 383 F.Supp.2d 666, 676

it appears that Mr. Talbert's motion for summary judgment rests entirely upon the statements set forth in his previous pleadings which offer only unsupported denials that probable cause existed for his arrest.

The defendants counter Mr. Talbert's false arrest and false imprisonment claims by identifying portions of the record which they believe demonstrates a genuine issue of material fact.  Specifically, the defendants advance a recitation of the events leading up to Mr. Talbert's arrest for possession of marijuana which is substantially different from that of Mr. Talbert.  The defendants claim that "as evidenced by his responses to Plaintiff's discovery requests, Defendant McGorry maintains that Plaintiff was patted down for safety before being transported by police vehicle to Northwest Detectives when Plaintiff informed McGorry that he had marijuana in his possession."[3]  Defs.' Resp. 2-3.  Notably, the defendants' accounting of Mr. Talbert's arrest proposes that probable cause arose from Mr. Talbert's own admission that he possessed marijuana.

I am denying summary judgment on Mr. Talbert's false arrest and false imprisonment claims because the record, as thus far developed, presents a genuine issue of material fact regarding whether probable cause supported Officer McGorry's arrest of Mr. Talbert.  The clear factual dispute regarding the existence of probable cause is one that rightfully should be submitted to the jury, particularly in light of the paucity of evidence on record.  Sherriff v. Hale, No. CIV. A.14-4645, 2016 WL 4190390, *8 (Aug.

---

(M.D. Pa. 2005)("While the fruits of the allegedly illegal search may be inadmissible in criminal proceedings under the exclusionary rule, the illegality of said search does not vitiate the existence of probable cause . . . .").

[3] The defendants did not submit Officer McGorry's responses to Mr. Talbert's discovery requests with their briefing.  Officer McGorry's responses are not filed on record.  This Court has not been provided with the opportunity to evaluate those responses.

9, 2016)("Although, generally, the question of probable cause in a Section 1983 damage suit is one for the jury, a district court may conclude that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding and may enter summary judgment accordingly.")(internal quotations and citations omitted).  Therefore, I will deny Mr. Talbert's motion for summary judgment on his false arrest and imprisonment claims.

### B. <u>Malicious Prosecution Claim</u>

Mr. Talbert also brings a malicious prosecution claim under the Fourth Amendment based on Police Officer McGorry's allegedly unconstitutional arrest and the subsequent criminal proceedings resulting from that arrest.  Mr. Talbert moves for summary judgment on his malicious prosecution claim arguing that Police Office McGorry lacked probable cause to initiate criminal proceedings against him.  Mr. Talbert argues that the withdrawal of criminal proceedings against him was particularly probative of Officer McGorry's failure to establish probable cause.

A plaintiff seeking to prevail in a malicious prosecution claim under § 1983 must establish that:  "(1) the defendants initiated a criminal proceedings; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." <u>DiBella v. Borough of Beachwood</u>, 407 F.3d 599, 601 (3d Cir. 2005)(holding that Fourth Amendment protections do not extend beyond pretrial detention).  A claim for malicious prosecution

differs from false arrest or false imprisonment inasmuch as "a claim for false arrest. . . covers damages only for the time of detention until the issuance of process or arraignment, and not more."  Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Heck v. Humphrey, 512 U.S. 477, 484 (1994)("[U]nlike the related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process.").  To succeed on his malicious prosecution claim, Mr. Talbert is required to establish that his criminal prosecution was initiated without probable cause.  Having already concluded that the record demonstrates a genuine issue of material fact regarding the existence of probable cause for Mr. Talbert's arrest, I find that Mr. Talbert is not entitled to summary judgment on his malicious prosecution claim.

### C.    Municipal Liability

Mr. Talbert also moves for summary judgment on his municipal liability claim stating that Mayor Michael Nutter and the City of Philadelphia's stop and frisk policy "has deprived several individual in Philadelphia their right to be free from unlawful government intrusion in which Nutter and the City had failed to establish or maintain a policy of monitoring, supervising disciplining and training McGorry when conducting investigations with victims to a crime."  Pl.'s Mot. Summ. J. 6.  Municipal liability arises under § 1983 where the plaintiff can demonstrate that "execution of a government's policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy, inflicts the injury."  Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990).  A municipal policy "encompasses a statement,

ordinance, regulation, or decision officially adopted and promulgated by the body's

officers."  Woodyard v. County of Essex, 514 F. App'x 177, 181 (3d Cir. 2013)(internal

citations omitted).  Custom can be established "by showing that a given course of

conduct, although not specifically endorsed or authorized by law, is so well-settled and

permanent as virtually to constitute law."  Watson v. Abington Twp, 478 F.3d 144, 155-

56 (3d Cir. 2007).  In the event of either municipal policy or custom, "the municipality's

liability can be predicated 'only [upon] acts for which the municipality itself is actually

responsible. . . ."  Brown v. Muhlenberg Tp., 269 F.3d 205, 215 (3d Cir. 2001)(citing

City of Saint Louis v. Praprotnik, 485 U.S. 112, 121 (1988)).  In other words, a

municipality may not be held liable under the *respondeat superior* doctrine.  Monell v.

New York City Department of Social Services, 436 U.S. 658, 691-95 (1978).

Mr. Talbert has failed to provide any evidence that Mayor Michael Nutter or the

City of Philadelphia engaged in a pattern of behavior, or had in place a policy directing

such behavior, that violated his constitutional rights.  Nothing in the record supports Mr.

Talbert's allegation that the defendants had a policy or custom which ultimately led to

Police Officer McGorry's unlawful search and seizure of Mr. Talbert.  Mr. Talbert's

municipal liability claim against the defendants is entirely predicated on the actions of

Police Officer McGorry.  Mr. Talbert may not seek to hold Mayor Michael Nutter or the

City of Philadelphia liable for the actions of one employee on the basis of *respondeat*

*superior*.  Accordingly, I am denying summary judgment for Mr. Talbert on his Monell

claim.

## IV.     CONCLUSION

The record demonstrates a genuine issue of material fact regarding whether probable cause existed for Police Officer McGorry to arrest Mr. Talbert for possession of marijuana.  Therefore, Mr. Talbert is not entitled to summary judgment on either his false arrest and imprisonment claims or his malicious prosecution claim.  Furthermore, Mr. Talbert has failed to demonstrate that the defendants are liable to Mr. Talbert under Monell for his arrest and thus, Mr. Talbert is not entitled to judgment as a matter of law on his municipal liability claim.  For the reasons discussed herein, I am denying Mr. Talbert's motion for summary judgment.

An appropriate Order follows.